UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES,<br>Plaintiff<br><br>vs<br><br>DAHIR NOR IBRAHIM,<br>Defendant | Case No. 3:10-00260-15<br><br>Hon. Haynes |
|---|---|

**MOTION IN LIMINE NO. 2**
(Exclude Safiyo Nur as a witness)

*[Handwritten annotation: The motion is DENIED without prejudice to renew. /s/ Judge 3-22-12]*

Defendant Dahir Nor Ibrahim moves the Court to exclude testimony of Safiyo Nur that is not based on personal knowledge.

Ms. Nur appears on the Government's revised witness list and Defendant Ibrahim (15) appears as one of the primary defendants against whom Ms. Nur will testify. (D.E. 1864, Witness No. 5).

At her grand jury appearance, Ms. Nur testified that "MoJoe ... was in different stuff, him and Dahir Lucky [the defendant]. They were into different stuff." When asked what she meant by AUSA Vincent, Ms. Nur went on to say, "He and Dahir Lucky [the defendant] and them, they would bring girls and sell them because Dahir Lucky got a big nice car ... " Ms. Nur also testified that there "was a girl locked up with me, she was African American, and she told me he used to make money off of her. I wish I could get that girl name. I met her when I was locked up."

Allowing generalized testimony that the defendant was "into different stuff" is not specific and would allow the government to infer that the "different stuff" was sex trafficking of young girls. Moreover, the witness does not state the basis for her testimony such that it is impossible to determine if it is based on personal knowledge. F.R.E. 602 states that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may

1