UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES,**<br>Plaintiff<br><br>vs<br><br>**DAHIR NOR IBRAHIM,**<br>Defendant | Case No. 3:10-00260-15<br><br>Hon. Haynes |

*ORDER*
*This motion is*
*GRANTED*
*[signature]*
*4-16-12*

## MOTION TO PERMIT LEADING QUESTIONS OF JD2 BY DEFENSE COUNSEL IF RECALLED

On April 10, 2012 and again on April 11, 2012, this Court ordered from the bench that JD2 would be subject to recall so that defense counsel can have an opportunity to examine her regarding recently disclosed discovery by the government.

Under F.R.E 611(c) provides that leading "questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions: (1) on cross-examination; and (2) when a party calls a hostile, an adverse party, or a witness identified with an adverse party." A "trial judge has wide latitude in permitting leading questions because he or she is in the best position to determine the need for them." *U.S. v Fenner*, 600 F.3d 1014, 1022 (8th Cir. 2010).

Ordinarily, the witness JD2 would have been subject to cross examination on the subject matter in question but for the late disclosed material. Therefore, Defendant requests, <u>on behalf of all defendants</u>, that if JD2 is recalled by the defense after the close of the government's proof, that defense counsel be allowed to ask leading questions on direct (what would have been cross-examination under other circumstances) as JD2 is a "witness identified with an adverse party", is potentially biased (see Advisory Committee Notes) as a witness who has received substantial assistance from the lead agent in this case and for reasons of manifest justice. Defendant also requests that if this motion is granted that any such order also apply to any other government witnesses that are subject to recall due to late-disclosed discovery.

1